BURSOR & FISHER P.A.

1330 Avenue of the Americas
32nd Floor
New York, NY 10019
www.bursor.com

YITZCHAK KOPEL
Tel: 646.837.7127
Fax: 212.989.9163
ykopel@bursor.com

October 29, 2024

***Via ECF***
Hon. Peggy Kuo
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

***Re:*** ***Palma v. Formula One Digital Media Ltd.*, Case No. 1:24-cv-05283-OEM-PK**
**Plaintiff's Opposition to Defendant's Letter Motion**

Dear Judge Kuo,

I represent Plaintiff Esteban Palma ("Plaintiff") in the above matter. Pursuant the Court's October 25, 2024 Order, I write to respond to Defendant Formula One Digital Media Limited's ("Defendant") Letter Motion requesting an adjournment of the Initial Case Management Conference and related deadlines. ECF No. 15 (the "Letter" or "Ltr."). On October 8, 2024, Defendant filed a pre-motion letter previewing two arguments it would make in support of its Motion to Dismiss the Complaint: (i) that Plaintiff lacked Article III standing to sue; and (ii) that Plaintiff's Complaint should be dismissed pursuant to the first-filed rule. *See* ECF No. 9. Defendant asserted no other grounds for dismissal in its letter. Since the filing of that pre-motion letter, however, subsequent developments have completely undermined or mooted Defendant's arguments. Accordingly, there is no "good cause"—nor any basis at all—to stay discovery and adjourn the Initial Case Management Conference.

*First*, on October 15, 2024, the Second Circuit issued a ruling in *Salazar v. National Basketball Association*, --- F.4th ---, 2024 WL 4487971 (2d Cir. Oct. 15, 2024). There, the Second Circuit conclusively held that when a plaintiff alleges a violation of the VPPA, he or she suffers an "injury [] necessary to demonstrate Article III standing to sue." *Id.*, at *5. The Letter does not even mention Article III standing, nor does Defendant have a basis to still make this argument in light of *Salazar*. Accordingly, Defendant's first basis for dismissal no longer holds water.[1]

[1] Not that it ever did. Plaintiff is unaware of any court that has *ever* dismissed a VPPA claim for lack of Article III standing, and Defendant cited none in its pre-motion letter. *See* ECF No. 9. By contrast, every circuit court to hear the issue prior to *Salazar* found a violation of the VPPA caused a concrete injury sufficient for Article III standing. *See, e.g.*, *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983-84 (9th Cir. 2017) ("[T]he VPPA identifies a substantive right to privacy that suffers any time a video service provider discloses otherwise private information … We therefore join the [Third and Eleventh] [C]ircuits that … have found Article III standing in similar cases arising under the VPPA."); *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014). ("By alleging that Redbox disclosed their personal information in violation of the VPPA, Sterk and Chung have met their burden of demonstrating that they suffered an injury in fact that success in this suit would redress."). Defendant also removed the *Gutierrez* action from state court from federal court, thus conceding violations of the VPPA confer Article III standing.

*Second*, on October 25, 2024, the plaintiff in the *Gutierrez* action filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *Gutierrez v. Formula One Digital Media Ltd.*, Case No. 1:24-cv-5770, ECF No. 29 (N.D. Ill. Oct. 25, 2024) (attached hereto as **Exhibit 1**). On October 28, 2024, the court affirmed that dismissal. *Id.* at ECF No. 30 (attached hereto as **Exhibit 2**). Accordingly, the instant action is now the *only* action regarding Defendant's violation of the VPPA that is pending in the entire country. "In the Second Circuit … the first-filed rule only applies where there is *concurrent* federal litigation. *New v. JPMorgan Chase Bank, N.A.*, 2024 WL 4228058, at *4 (S.D.N.Y. Sept. 18, 2024) (emphasis in original) (finding "the first-filed rule does not apply" "because [the first-filed action] has been dismissed") (cleaned up). So, as the late Judge Spatt and others have held, the "first filed" rule can no longer apply in circumstances such as this one:

> the Court declines to apply the first-filed rule for a basic reason – there are no longer competing lawsuits. When the first-filed lawsuit is dismissed, it cannot take priority over the second-filed lawsuit, because dismissed actions do not constitute currently pending claims under the final judgment rule. Here, the parties in [the first-filed action] stipulated to dismissal with prejudice pursuant to Rule 41(a)(1)(ii), and the [court in the first-filed action] closed the case. Therefore, the parties can proceed with this case without the risk of duplicative litigation.

*Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539, 545-46 (E.D.N.Y. 2018) (Spatt, J.) (cleaned up); *see also*, *e.g.*, *Advanced Water Techs., Inc. v. Amiad U.S.A., Inc.*, 2019 WL 4805330, at *6 (S.D.N.Y. Sept. 30, 2019) (denying "first-filed argument [in second case] … as moot" based on dismissal of first-filed action); *Arno Resources, LLC v. Epic Tech, LLC*, 2021 WL 12300150, at *1 (N.D. Ga. June 1, 2021) ("[T]he Court finds that Defendants' Motion to Dismiss or Transfer is now due to be denied as moot because the United States District Court for the Western District of Texas dismissed the first-filed case.") (cleaned up); *Autonation, Inc. v. Whitlock*, 276 F. Supp. 2d 1258, 1264 (S.D. Fla. 2003) (holding the issue of whether the first-filed rule should apply was moot after the dismissal of the first-filed case).

*Finally*, as the foregoing demonstrates, Defendant's Article III defense has been overruled by *Salazar*, and Defendant's "first-filed" defense has been mooted by the dismissal of the *Gutierrez* action. Having asserted no other defenses in its pre-motion letter, Defendant no longer has a basis to bring its Motion to Dismiss. Accordingly, there is no "good cause" to stay any deadlines pending resolution of a dispositive motion, because no dispositive motion can be filed.

Of course, even if Defendant still chooses to file a motion to dismiss (and it has no basis to do so), "[t]he mere filing of a motion to dismiss does not constitute "good cause" for the issuance of a stay." *Hollins v. U.S. Tennis Assoc.*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006). Instead, the Court must weigh the following factors: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." *Id.* All of these factors weigh against a stay. As to the first factor, Defendant's only bases for dismissal have been overruled or mooted. As to the second factor, Plaintiff has not served discovery,

meaning Defendant has no basis to claim discovery is burdensome. Further, given this action will be proceeding, Defendant must inevitably contend with discovery. And as to the third factor, the Federal Rules of Civil Procedure call for "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Given Defendant no longer has grounds to move to dismiss, a stay of this action would simply be delay for the purpose of delay. This is not just, speedy, or inexpensive, and will result in prejudice to Plaintiff.

For the foregoing reasons, the relief requested in Defendant's Letter should be rejected, and the Court should proceed with all previously scheduled deadlines.

Respectfully submitted,

Y. Kopel

Yitzchak Kopel

CC: All Counsel of Record (Via ECF)