**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ESTEBAN PALMA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FORMULA ONE DIGITAL MEDIA LIMITED,<br><br>Defendant. | Case No. 1:24-cv-05283-OEM-PK<br><br>Hon. Orelia Merchant<br><br>Hon. Peggy Kuo |

**DEFENDANT FORMULA ONE DIGITAL MEDIA LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Formula One Digital Media Limited ("Formula 1") by and through its undersigned counsel, hereby answers the First Amended Class Action Complaint, dated November 27, 2024 (the "First Amended Complaint") filed by Plaintiff Esteban Palma ("Plaintiff") as follows.

## NATURE OF THE ACTION[1]

1. Formula 1 denies the allegations in Paragraph 1 of the First Amended Complaint, except admits that Plaintiff filed this action, the contents of which speak for itself.

2. Formula 1 admits only that the Senate Report 100-599 referenced in Paragraph 2 of the First Amended Complaint speaks for itself. Formula 1 denies knowledge or information

[1] All headings and subheadings contained herein are copied from the First Amended Complaint for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the First Amended Complaint's headings and/or subheadings (including those set forth in the Table of Contents), Formula 1 denies those allegations.

sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 2 of the First Amended Complaint.

3. Paragraph 3 of the First Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 admits only that the provisions of the Video Privacy Protection Act ("VPPA") speak for themselves and denies the remainder of the allegations in Paragraph 3 of the First Amended Complaint.

4. Formula 1 admits that, depending on a user's subscription plan, certain F1 TV users in the United States have access to live or on demand sessions on F1 TV. Formula 1 also admits that certain paid US subscribers also have access to benefits on f1tv.formula1.com, which may include shows, analysis, Tech Talks, documentaries and the F1 archive. Except as expressly admitted herein, Formula 1 denies the allegations in Paragraph 4 of the First Amended Complaint.

5. Formula 1 denies the allegations in the first sentence of Paragraph 5 of the First Amended Complaint. The second sentence of Paragraph 5 contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in the second sentence of Paragraph 5 of the First Amended Complaint.

6. Formula 1 denies the allegations in Paragraph 6 of the First Amended Complaint, except admits that Plaintiff filed this action, the contents of which speak for itself.

## FACTUAL BACKGROUND

### I. HISTORY AND OVERVIEW OF THE VPPA

7. Formula 1 admits only that the Senate Report 100-599 referenced in Paragraph 7 speaks for itself. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 7 of the First Amended Complaint.

8. Formula 1 admits only that the Senate Report 112-258 referenced in Paragraph 8 speaks for itself. Formula 1 denies knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 8 of the First Amended Complaint.

9. Paragraph 9 contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 admits only that the provisions of the VPPA speak for themselves and denies the remainder of the allegations of Paragraph 9 of the First Amended Complaint.

## II. DEFENDANT IS A VIDEOTAPE SERVICE PROVIDER

10. Formula 1 admits that, depending on a user's subscription plan, certain F1 TV users in the United States have access to the content and library described in Paragraph 10 of the First Amended Complaint. Except as expressly admitted herein, Formula 1 denies the allegations in Paragraph 10 of the First Amended Complaint.

11. Formula 1 admits that there are two F1 TV paid subscription plans available in the United States, that the current subscription fees are as listed, and that an F1 TV subscription requires that a user account be created and that certain information be provided by the subscriber. Except as expressly admitted herein, Formula 1 denies the allegations in Paragraph 11 of the First Amended Complaint.

12. Formula 1 admits the allegations in the first sentence of Paragraph 12 of the First Amended Complaint. The allegations contained in the second sentence of Paragraph 12 come from a third-party website purporting to count visitors to f1tv.formula1.com, and Formula 1 denies knowledge or information of the methodology used by the third-party website sufficient to form a belief as to the truth of those allegations.

## III. DEFENDANT DISCLOSES CONSUMERS' PERSONALLY IDENTIFIABLE INFORMATION TO THIRD PARTIES

### A. Testing Reveals That Defendant Illegally Shares Class Members' PII With Salesforce And Meta.

13. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the First Amended Complaint.

14. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the First Amended Complaint.

15. Formula 1 denies that it integrates Salesforce and Meta's software development kits ("SDK") and application programming interfaces ("API") on the Website. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 15 of the First Amended Complaint.

16. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the First Amended Complaint.

17. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the First Amended Complaint.

18. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the First Amended Complaint.

*1. Overview of the Salesforce API*

19. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the First Amended Complaint.

20. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the First Amended Complaint.

21. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the First Amended Complaint.

22. Formula 1 denies that it integrated the Salesforce API into f1tv.formula1.com. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 22 of the First Amended Complaint.

*2. Overview of the Meta Tracking Pixel*

23. Formula 1 denies that it integrates the Meta Tracking Pixel into the Website. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 23 of the First Amended Complaint.

24. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the First Amended Complaint.

25. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the First Amended Complaint.

26. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the First Amended Complaint.

27. Formula 1 denies that it integrates Salesforce and Meta's software development kits ("SDK") and application programming interfaces ("API") on the Website. Formula 1 admits that, if and when deployed, the Meta Tracking Pixel can generally be configured to track certain events and that what can be captured depends on a variety of factors, including consent, settings, device, and configurations. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 27 of the First Amended Complaint.

28. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the First Amended Complaint.

**B. Defendant Discloses Class Members' Email Addresses And User IDs To Salesforce**

29. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the First Amended Complaint.

30. Formula 1 admits that an email address is a unique string of characters that designates an electronic mailbox. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 30 of the First Amended Complaint.

31. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the First Amended Complaint.

32. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the of the allegations in the first sentence of Paragraph 32 of the First Amended Complaint. Formula 1 denies the remainder of the allegations in Paragraph 32 of the First Amended Complaint.

33. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the First Amended Complaint.

**C. Defendant Discloses Class Members' Facebook IDs To Meta**

34. Formula 1 denies the allegations in Paragraph 34 of the First Amended Complaint.

35. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the First Amended Complaint.

36. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the First Amended Complaint.

37. Formula 1 denies the allegations in Paragraph 37 of the First Amended Complaint.

38. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the First Amended Complaint.

39. Formula 1 denies that Defendant knowingly provided Facebook IDs and video content titles and URLs to Meta without consent from its U.S. subscribers who visited the Website. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 39 of the First Amended Complaint.

40. Formula 1 denies that it discloses to Meta the full name and URL of each video a user watched together with the user's Facebook ID for all users. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 40 of the First Amended Complaint.

41. Formula 1 denies the allegations in Paragraph 41 of the First Amended Complaint.

**D. Defendant Discloses Information Identifying Which Specific Videos Were Watched By Which Users To Salesforce And Meta**

42. Formula 1 denies the allegations in Paragraph 42 of the First Amended Complaint.

*1. Defendant Discloses The URLs Of Website Users' Watched Videos To Salesforce*

43. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 43 of the First Amended Complaint.

44. Formula 1 denies the allegations in the first sentence of Paragraph 44. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 44 of the First Amended Complaint.

45. Formula 1 denies the allegations in the first sentence of Paragraph 45. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 45 of the First Amended Complaint.

*2. Defendant Discloses The Video Title And Video ID Of Videos Users Watch To Meta*

46. Formula 1 denies the allegations in the first sentence of Paragraph 46 of the First Amended Complaint. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 46 of the First Amended Complaint.

47. Formula 1 denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the First Amended Complaint.

48. Formula 1 denies the allegations in Paragraph 48 of the First Amended Complaint.

49. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the First Amended Complaint.

## IV. DEFENDANT DISCLOSES CLASS MEMBERS' PERSONALLY IDENTIFIABLE INFORMATION TO THIRD PARTIES FOR THE PURPOSE OF MARKETING, ADVERTISING, AND ANALYTICS

50. Formula 1 denies the allegations in Paragraph 50 of the First Amended Complaint.

51. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the First Amended Complaint.

### A. Defendant Discloses Users' Personally Identifiable Information To Salesforce For The Purpose Of Marketing, Advertising, And Analytics

52. Formula 1 denies the allegations in Paragraph 52 of the First Amended Complaint.

53. Formula 1 denies the allegations in Paragraph 53 of the First Amended Complaint.

54. Formula 1 admits only that that the webpage referenced in Paragraph 54 of the First Amended Complaint speaks for itself. Formula 1 denies the remainder of the allegations in Paragraph 54 of the First Amended Complaint.

55. Formula 1 denies the allegations in Paragraph 55 of the First Amended Complaint.

56. Formula 1 denies the allegations in Paragraph 56 of the First Amended Complaint.

### B. Defendant Discloses Personally Identifiable Information To Meta For The Purpose Of Marketing, Advertising, And Analytics

57. Formula 1 denies the allegations in Paragraph 57 of the First Amended Complaint.

58. Formula 1 denies the allegations in Paragraph 58 of the First Amended Complaint.

59. Formula 1 denies the allegations in Paragraph 59 of the First Amended Complaint.

60. Formula 1 denies the allegations in Paragraph 60 of the First Amended Complaint.

61. Formula 1 denies the allegations in Paragraph 61 of the First Amended Complaint.

## V. DEFENDANT KNOWINGLY DISCLOSES CLASS MEMBERS' PII TO SALESFORCE AND META

62. Defendant denies the allegations in Paragraph 62 of the First Amended Complaint.

63. Formula 1 admits the webpage referenced in Paragraph 63 of the First Amended Complaint speaks for itself. Except as expressly admitted herein, Formula 1 denies the allegations in Paragraph 63 of the First Amended Complaint.

64. Formula 1 admits that the April 5, 2022 press release referenced in Paragraph 64 of the First Amended Complaint speaks for itself. Except as expressly admitted herein, Formula 1 denies the allegations in Paragraph 64 of the First Amended Complaint.

65. Formula 1 admits only that the April 5, 2022 press release referenced in Paragraph 65 for speaks for itself. Except as expressly admitted herein, Formula 1 denies the allegations in Paragraph 65 of the First Amended Complaint.

66. The parenthetical in the first sentence of Paragraph 66 contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in the parenthetical in the first sentence of Paragraph 66 of the First Amended Complaint. Formula 1 admits only that its Privacy Policy speaks for itself. Formula 1 denies the remainder of the allegations in Paragraph 66 of the First Amended Complaint.

67. Formula 1 admits only that its Privacy Policy speaks for itself. Formula 1 denies the remainder of the allegations in Paragraph 67 of the First Amended Complaint.

68. Formula 1 denies the allegations in Paragraph 68 of the First Amended Complaint.

69. Formula 1 denies the allegations in Paragraph 69 of the First Amended Complaint.

## VI. EXPERIENCE OF PLAINTIFF

70. Formula 1 admits only that Plaintiff first created a F1 TV account in 2023, and that he has used his F1 TV account. Formula 1 denies knowledge or information sufficient to form a belief as to the allegations that Palma is a resident and citizen of New York. Formula 1 denies the remainder of the allegations in Paragraph 70 of the First Amended Complaint.

71. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the First Amended Complaint.

72. Formula 1 admits the allegations in Paragraph 72 of the First Amended Complaint.

73. Paragraph 73 of the First Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 73 of the First Amended Complaint.

74. Paragraph 74 of the First Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 74 of the First Amended Complaint.

75. Formula 1 denies the allegations in Paragraph 75 of the First Amended Complaint.

76. Formula 1 denies the allegations in Paragraph 76 of the First Amended Complaint.

## THE PARTIES

77. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the First Amended Complaint.

78. Formula 1 admits the allegations in Paragraph 78 of the First Amended Complaint.

## JURISDICTION AND VENUE

79. Paragraph 79 contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 79 of the First Amended Complaint.

80. Paragraph 80 contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 80 of the First Amended Complaint.

81. Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 81 of the First Amended Complaint.

82. Paragraph 82 contains legal conclusions to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 82 of the First Amended Complaint.

## CLASS ALLEGATIONS

83. Paragraph 83 contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 83 of the First Amended Complaint.

84. Paragraph 84 contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 84 of the First Amended Complaint.

85. Paragraph 85 contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 85 of the First Amended Complaint.

86. Paragraph 86 contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 86 of the First Amended Complaint.

87. Paragraph 87 contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 87 of the First Amended Complaint.

88. Paragraph 88 contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 88 of the First Amended Complaint.

89. Paragraph 89 contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 89 of the First Amended Complaint.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE VPPA
### 18 U.S.C. § 2710

90. Formula 1 repeats and realleges its responses to Paragraphs 1-89 of the First Amended Complaint as if fully set forth herein.

91. Formula 1 denies the allegations of Paragraph 91 of the First Amended Complaint, except admits that Plaintiff brings this action, the contents of which speak for itself.

92. Paragraph 92 contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 92 of the First Amended Complaint.

93. Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 93 of the First Amended Complaint.

94. Formula 1 denies the allegations in the first two sentences of Paragraph 94 of the First Amended Complaint. The third sentence of Paragraph 94 contains a legal conclusion to which no response is required. To the extent a response is required, Formula 1 denies the allegations in the third sentence of Paragraph 94 of the First Amended Complaint.

95. Formula 1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 95. Formula 1 denies the remainder of the allegations in Paragraph 95 of the First Amended Complaint.

96. Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 96 of the First Amended Complaint.

97. Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 97 of the First Amended Complaint.

98. Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, Formula 1 denies the allegations in Paragraph 98 of the First Amended Complaint.

99. Formula 1 admits that Plaintiff seeks the purported relief set forth in Paragraph 99 of the First Amended Complaint. For the avoidance of doubt, Formula 1 denies that Plaintiff or any member of the putative class is entitled to any relief.

## PRAYER FOR RELIEF

Formula 1 denies that Plaintiff or any member of the putative class is entitled to any of the relief requested in the First Amended Complaint, or any relief at all.

WHEREFORE, Formula 1 respectfully requests that this Court in its favor and against Plaintiff Esteban Palma, individually and on behalf of all others similarly situated, and further requests that this Court:

A. Dismiss the First Amended Complaint with prejudice without recovery or declaratory judgment of any kind;

B. Deny class certification;

C. Award Formula 1 their reasonable attorneys' fees and costs incurred with their defense of this action; and

D. Award such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Formula 1 asserts the following affirmative defenses and reserves the right to amend its answer to assert any additional defenses when and if, in the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses. In asserting these defenses, Formula 1 does not assume the burden of proof for any issue that would otherwise rest on Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff and the putative class have no standing to bring this claim under Article III of the United States Constitution. Plaintiff and/or the putative class members have not suffered injuries in fact that are fairly traceable to the conduct alleged in the First Amended Complaint.

**SECOND AFFIRMATIVE DEFENSE**

The First Amended Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or those made by the putative class are barred in whole or in part by the applicable statutes of limitation and repose.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff and/or the putative class lack standing to bring a claim under VPPA to the extent their video watching or personal information were not disclosed via the complained of technologies or platform.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff and the putative class members consented to the acts complained of in the First Amended Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff and/or the putative class lack standing to bring a claim under VPPA to the extent they were not harmed because they consented to the complained of acts.

**SEVENTH AFFIRMATIVE DFENSE**

Plaintiff and the putative class members waived his or her rights to challenge the use of their data by accepting the terms and conditions and privacy policies on Formula 1's website and for Formula 1's subscription service.

**EIGHTH AFFIRMATIVE DEFENSE**

The purported class cannot be certified under Federal Rule of Civil Procedure 23 because the purported class, class representative, and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, because at all relevant times, Formula 1's actions were reasonable and within the ordinary course of business. *See* 18 U.S. Code § 2710(b)(2)(e).

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class are barred, in whole or in part, because any disclosure made by Formula 1 was done for the exclusive use of marketing goods and services directly to the consumer.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and those of the putative class are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and other equitable doctrines.

**TWELFTH AFFIRMATIVE DEFENSE**

If Plaintiff or others alleged to be members of the putative class have sustained any damages as alleged in the First Amended Complaint, which Formula 1 denies, such damages were

proximately caused by subsequent and intervening or superseding acts of the Plaintiff and/or third parties, such that Formula 1 is not responsible or liable for any damages allegedly suffered.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's reading of the VPPA is barred by the First Amendment to the United States Constitution.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Awarding Plaintiff and/or others alleged to be members of the putative class the relief sought in the First Amended Complaint would violate Formula 1's rights to due process of law under the United States Constitution.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Formula 1 may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. Formula 1 reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

**SIXTEENTH AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over the claims of any Plaintiff or putative class members who were not, at the relevant time, New York citizens or who did not purchase products or services giving rise to their claims in the State of New York.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The claims of certain putative class members are subject to an arbitration provision. Formula 1 specifically reserves the right to seek arbitration of any arbitrable claims.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Formula 1 hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this litigation and reserves the right to amend this Answer to assert any such defenses.

Dated: December 16, 2024

**ALSTON & BIRD LLP**

*/s/ Joanna H. Schorr*
Joanna H. Schorr
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Fax: (212) 210-9444
joanna.schorr@alston.com

Kathy Huang (*pro hac vice*)
Rachel Lowe (*pro hac vice*)
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 576-1000
Fax: (213) 576-1100
kathy.huang@alston.com
rachel.lowe@alston.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

. I hereby certify that on December 16, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notice to all attorneys of record.

*/s/ Joanna H. Schorr*
Joanna H. Schorr